FILED IN OFFICE

MAY 19 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

WILLIAM M. WINDSOR,  )
       Plaintiff )
 )
 )
v. )
 )
 )
JUDGE WILLIAM S. DUFFEY, )
MAID OF THE MIST )
CORPORATION, MAID OF THE )
MIST STEAMBOAT COMPANY, )
LTD., JUDGE ORINDA D. EVANS, )
JUDGE JULIE E. CARNES, JUDGE )
JOEL F. DUBINA, JOHN LEY, AND )
JAMES N. HATTEN, )
       Defendants. )
_____ )

CIVIL ACTION NO.

2011CV200857

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT,
## PETITION FOR TEMPORARY RESTRAINING ORDER,
## AND PETITION FOR INJUNCTION

COMES NOW WILLIAM M. WINDSOR, Plaintiff in the above-styled

action, and, pursuant to O.C.G.A. § 9-4-2, et seq, brings this action seeking a

declaratory judgment that Georgia Code O.C.G.A. § 10-6-5 applies to Georgia

residents in federal, state, county, and local matters. This lawsuit requests that this

Court declare that O.C.G.A. § 10-6-5 allows a Georgia citizen ("Citizen") to issue

a power of attorney that delegates to an agent ("Agent") the power to appear for

the Citizen and in that Citizen's behalf before any person having authority by the



EXHIBIT

A

laws of any State or of the United States; to prepare, sign, and file documents with any governmental body or agency; to enter any personal appearance for the Citizen as a plaintiff or as a defendant in any legal action, suit, court, or hearing or to accept, waive or acknowledge any process or service of process from any court, board or agency whatsoever directed to the Citizen personally; to file motions, responses, and pleadings of any type; and to compromise, refer to arbitration, or submit to judgment in any such action or proceeding; to institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving the Citizen in any way, and in the Citizen's behalf speak for the Citizen in open Court, in Judge's chambers, or Clerk's offices.

## PARTIES

1.     William M. Windsor ("Windsor" or "Plaintiff") is a resident of Cobb County, Georgia with his residence at 3924 Lower Roswell Road, Marietta, GA 30068. Windsor has been a defendant in 1:09-CV-01543-WSD in the U.S. District Court for the Northern District of Georgia ("Bogus Action"). The Bogus Action is a matter that appeared out of nowhere with no petition filed and no summons served. Judge Orinda D. Evans is the party who brought the Bogus Action, yet she

is not shown as a party to the Bogus Action, though she has filed motions and other documents as if she was.

2.      Judge Orinda D. Evans ("Judge Evans") is subject to the jurisdiction and venue in this Court.  Her place of business is United States District Court, Richard B. Russell Federal Building and U.S. Courthouse, Suite 1988 - 75 Spring Street, SW, Atlanta, Fulton County, Georgia  30303.  Judge Evans is a federal judge operating in Fulton County, Georgia and she is somehow a "party" to the Bogus Action, so she has a vested interest in this action.  Service against Defendant Evans can be perfected via personal service at the foregoing address.

3.      Judge William S. Duffey, Jr. ("Judge Duffey") is subject to the jurisdiction and venue in this Court.  His place of business is United States District Court, 1721 Richard B. Russell Federal Building and U.S. Courthouse, 75 Spring Street, SW, Atlanta, Fulton County, Georgia  30303.  Judge Duffey is a federal judge operating in Fulton County, Georgia, and he has been presiding over the Bogus Action, so he has a vested interest in this matter.  Service against Defendant Duffey can be perfected via personal service at the foregoing address.

4.      Judge Julie E. Carnes ("Judge Carnes") is subject to the jurisdiction and venue in this Court.  Her place of business is United States District Court, 2167 Richard B. Russell Federal Building and U.S. Courthouse, 75 Spring Street,

SW, Atlanta, Fulton County, Georgia 30303. Judge Carnes is the Chief Judge for the United States District Court for the Northern District of Georgia operating in Fulton County, Georgia. As the Chief Judge, Judge Carnes has a vested interest in ensuring that the other judges comply with Georgia law in subsequent actions filed by Windsor or other Georgia citizens. Service against Defendant Carnes can be perfected via personal service at the foregoing address.

   5.     Judge Joel F. Dubina ("Judge Dubina") is subject to the jurisdiction and venue in this Court. His place of business is United States Court of Appeals for the Eleventh Circuit, 56 Forsyth Street, NW, Atlanta, Fulton County, Georgia 30303. Judge Dubina is the Chief Judge for the United States Court of Appeals for the Eleventh Circuit Court operating in Fulton County, Georgia. As the Chief Judge, Judge Carnes has a vested interest in ensuring that the other judges comply with Georgia law in a motion with power of attorney filed by Windsor in the Eleventh Circuit and in subsequent actions filed by Windsor or other Georgia citizens. Service against Defendant Dubina can be perfected via personal service at the foregoing address.

   6.     James N. Hatten ("Mr. Hatten") , Clerk of the Court, United States District Court for the Northern District of Georgia, is subject to the jurisdiction and venue in this Court. This court and its clerks have a vested interest in ensuring that

4

Georgia law is complied with in motions and actions filed by Windsor and in

subsequent actions filed by Windsor or other Georgia citizens. Service against

Defendant Hatten can be perfected via personal service to James N. Hatten, Clerk

of the Court, Richard B. Russell Federal Building & United States Courthouse, 75

Spring St, NW, Atlanta, Fulton County, GA 30303.

      7.     John Ley ("Mr. Ley"), Clerk of the Court, United States Court of

Appeals for the Eleventh Circuit ("Eleventh Circuit"), is subject to the jurisdiction

and venue in this Court. This court and its clerks have a vested interest in ensuring

that Georgia law is complied with in motions and actions filed by Windsor and in

subsequent actions filed by Windsor or other Georgia citizens. Service against

Defendant Ley can be perfected via personal service at his place of business, John

Ley, Clerk of the Court, United States Court of Appeals for the Eleventh Circuit,

56 Forsyth Street, NW, Atlanta, Fulton County, Georgia  30303.

      8.     Maid of the Mist Corporation ("MOTM") is a plaintiff in the Bogus

Action, does business in Fulton County Georgia, and is subject to jurisdiction and

venue in this Court. MOTM is a corporation organized under the laws of the State

of New York, United States of America. This party has a vested interest in this

matter as a party to the Bogus Action. MOTM's principal place of business is 151

Buffalo Avenue, Suite 204, Niagara Falls, New York 14303. Service against

Defendant Maid of the Mist Corporation can be perfected via personal service at the foregoing address.

9.     Maid of the Mist Steamboat Company, Ltd. ("Steamboat") is a plaintiff in the Bogus Action, does business in Fulton County Georgia, and is subject to jurisdiction and venue in this Court. This party has a vested interest in this matter as a party to the Bogus Action. Steamboat is a federal corporation organized under the laws of Canada. Steamboat's principal place of business is 5920 River Road, Post Office Box 808, Niagara Falls, Ontario, L2E 6V6, Canada. Service against Defendant Maid of the Mist Steamboat Company, Ltd. can be perfected via personal service at the foregoing address.

10.     The Attorney General for the State of Georgia has a vested interest in this Declaratory Judgment. Pursuant to O.C.G.A. § 9-4-7 (CGA 110-1106), Plaintiff hereby affords the Attorney General the opportunity to be heard and seeks an Answer from the Attorney General whether the Attorney General elects to participate as a party. The Attorney General may be served with Summons and Complaint at the Office of the Attorney General, State of Georgia, Department of Law, 40 Capitol Square SW, Atlanta, GA 30334-1300. Pursuant to O.C.G.A. § 9-4-7, the Attorney General of Georgia will be provided with a copy of this action via personal service.

6

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the Defendants and over the subject matter of this action.

12.     This action is for declaratory judgment and other relief. An actual controversy exists within this Court's jurisdiction.

13.     This Court has subject matter jurisdiction under the Georgia Constitution; O.C.G.A. § 9-4-1, et seq.

14.     Venue is proper in this court.

## FACTS

15.     William M. Windsor ("Windsor") is allegedly a Defendant in the so-called Civil Action No. 1:09-CV-01543-WSD in the United States District Court for the Northern District of Georgian ("Bogus Action"). The Bogus Action appeared out of nowhere. The Federal Rules of Civil Procedure require a petition and issuance and service of a summons. None of this was done in this "matter." Rule 3. Commencement of Action REQUIRES that "A civil action is commenced by filing a complaint with the court." There was no complaint. The Court Docket includes no complaint. Therefore, this action must be dismissed.

16.     Rule 4 requires a Summons. "A summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of

the plaintiff's attorney or — if unrepresented — of the plaintiff; (D) state the time

within which the defendant must appear and defend; (E) notify the defendant that a

failure to appear and defend will result in a default judgment against the defendant

for the relief demanded in the complaint; (F) be signed by the clerk.... On or after

filing the complaint, the plaintiff may present a summons to the clerk for signature

and seal. If the summons is properly completed, the clerk must sign, seal, and issue

it to the plaintiff for service on the defendant. A summons — or a copy of a

summons that is addressed to multiple defendants — must be issued for each

defendant to be served. ... A summons must be served with a copy of the

complaint. The plaintiff is responsible for having the summons and complaint

served within the time allowed by Rule 4(m) and must furnish the necessary copies

to the person who makes service." There was no summons. The Court Docket

does not include any summons. Windsor was never served with a summons.

17.     Judge Orinda D. Evans created this "matter," yet her name appears on

nothing. Her name does not appear in the caption. Critical records are listed in the

docket with no docket number. Critical records submitted to the Clerk of the Court

or to Judge Duffey are missing from the docket.

18.     The Bogus Action began by Judge Duffey branding Windsor as

"scurrilous and irresponsible" for attempting to obtain documents that have been

hidden by Judge Evans that Windsor believes will prove Judge Evans committed obstruction of justice in another civil action. In Windsor's opinion, Judge Duffey has ignored the facts, ignored the law, cited inapplicable law, has committed perjury and other criminal acts, and has done everything possible to protect Judge Evans and damage Windsor.

19.   Windsor currently has the Fulton County Grand Jury considering criminal charges against both Judge Duffey and Judge Evans. The sealed envelopes containing the charges were personally delivered to each grand juror by Deputy Sheriff Betts on May 10, 2011.

20.   Non-party Barbara Windsor ("BGW") has become involved in the Bogus Action through a request for production of financial documents, including financial records pertaining to her own separate property, which is protected by Article I, Paragraph XXVII of the Georgia Constitution. This has been done (a) despite the fact that the Plaintiffs have illegally obtained liens on ALL of the assets of both Windsor and BGW through filings in both Fulton and Cobb counties, (b) despite the fact that Windsor provided the Plaintiffs with three years of tax returns, a balance sheet, reports on real estate and all other assets, and assorted other financial information that provided a precise report of Windsor's financial position, (c) despite the fact that identical production requests were made of Windsor, and

9

(d) despite the fact that the Georgia Constitution protects a wife's separate assets.

21.     BGW has been advised that she requires surgery for a prolapsed uterous, rectocele, and related issues. A rectocele results from a tear in the rectovaginal septum (which is normally a tough, fibrous, sheet-like divider between the rectum and vagina). Rectal tissue bulges through this tear and into the vagina as a hernia. A hysterectomy will be performed, and her uterous and ovaries will be removed. An assortment of other procedures will be done to repair problems in the vagina and rectum. Dr. Dobson says BGW will be out of commission for six weeks.

22.     Prior to being diagnosed, BGW developed a severe case of anxiety. She has been seeing a psychiatrist, Dr. Brian Teliho, and he has begun medication. BGW has trouble tolerating medication, so she is very slowly having the dosage increased. Thus far, the medication has not had any meaningful impact on the anxiety. She has trouble sleeping, shakes much of the time, cries a lot, and is in a state of panic. Her irrational fear is that Judge Duffey will put her in jail. She has done nothing to be put in jail, but that is her fear. She also fears that someone will kill her because of Windsor's efforts to expose judicial corruption.

23.     BGW is physically and mentally incapable of handling matters relating to the Bogus Action. Windsor cannot afford an attorney. BGW has asked

10

Windsor to handle the matter for her. Both Windsor and BGW have made Judge Duffey aware of BGW's medical problems.

24.    Windsor conducted online research to determine whether Georgia law allowed a power of attorney to be used to enable Windsor to handle matters for BGW. The Georgia statutes seem to clearly provide this right to BGW and Windsor. All of the Georgia model power of attorney forms available online include language that gives this specific right to Georgia citizens. Exhibit 1 includes true and correct copies of some of the many Georgia model power of attorney forms available online.

25.    BGW signed a Power of Attorney giving Windsor the authority to speak and respond for her in the Bogus Action. Exhibit 2 is a true and correct copy of the Power of Attorney executed by both BGW and Windsor.

26.    Judge William S. Duffey is the judge in the Bogus Action. On September 23, 2010, he entered an oral order that required that Windsor cease filing motions and file "requests for specific approval" that Judge Duffey would approve before motions could be filed. The order plainly shows that it did not apply to BGW. (Exhibit 3 is a true and correct copy of this order.) The Oral Order of September 23, 2010 requires that "Mr. Windsor" has to request specific

11

approval to file.  It says nothing about Mrs. Windsor (BGW) who had not been involved in the Bogus Action in any manner whatsoever.

27.     On October 6, 2010, BGW was served with a subpoena by MOTM and Steamboat to produce documents on October 18, 2010. (Exhibit 4 is a true and correct copy of the subpoena.)

28.     BGW filed a motion for protective order on October 18, 2010, and Windsor filed an Emergency Motion for Conference asking that the subpoenas, stay, and appeal be addressed.

29.     On November 3, 2010, Judge Duffey issued an order denying BGW's Motion for Protective Order claiming BGW was bound by the September 23, 2010 order.  This erroneous order as to BGW was brought to Judge Duffey's attention, but he ignored the facts.  There was no such order that placed restrictions on BGW. Exhibit 5 is a true and correct copy of the November 3, 2010 order.  Comparison of Exhibit 3 and Exhibit 5 make it absolutely clear that BGW was not subject to any filing restrictions whatsoever.  Judge Duffey has also denied or ignored Windsor's requests for conferences or hearings.

30.     On December 2, 2010, BGW filed a Request for Specific Approval to file the Motion for Protective Order in compliance with Judge Duffey's November 3, 2010 order.

12

31.     On December 6, 2010, Judge Duffey denied BGW's request for approval to file the motion for protective order.  Exhibit 6 is a true and correct copy of the court docket showing this order.

32.     On November 5, 2010, BGW presented a notice of appeal to the District Court Clerk with the required filing fee of $455 cash.  The appeal said: "This appeal is necessary due to the violation of ... Constitutional rights by Judge Duffey; claiming filing restrictions on Barbara Windsor when there were none; wrongful dismissal of Barbara's filings; denial of Barbara's access to the Court; and abuse of discretion by Judge Duffey."  The court docket does not reflect this notice of appeal as the District Court Clerk refused to file it.  The U.S. Treasury sent a refund check for $455 to BGW.

33.     On April 11, 2011, BGW sent another notice of appeal to the Clerk of the Court with $455 cash.  The Court Docket reveals that this appeal has not been filed either.  A true and correct copy of the Court Docket is Exhibit 7.

34.     Judge Duffey has refused to recognize BGW's appeals and has refused to recognize that case law clearly provides the matter is stayed as the District Court no longer has jurisdiction while the appeal is pending.  Upon information and belief, Judge Duffey has directed the Clerk of the Court to hold BGW's appeals, not file them, and not communicate with BGW.

13

35.    On March 11, 2011, Windsor filed a request for specific approval to file a power of attorney. Exhibit 8 is a true and correct copy of this request.

36.    On March 26, 2011, Judge Duffey issued an order denying the request for specific approval to file the power of attorney.  Judge Duffey did not even allow the motion to be filed and issued a ruling when all Windsor had been allowed to file was a two-page request to file a motion. Exhibit 9 is a true and correct copy of this order.  Judge Duffey's order cited case law that was not Georgia law and was not even from a federal court in the Eleventh Circuit.

37.    According to Windsor's research, Georgia law is quite clear that a Power of Attorney is to be used in exactly such situations.  The model power of attorney forms provided online use the wording that says the power of attorney may be used for Windsor to file for his wife.

38.    O.C.G.A. § 10-6-5 states: "Whatever one may do himself may be done by an agent, except such personal trusts in which special confidence is placed on the skill, discretion, or judgment of the person called in to act; so an agent may not delegate his authority to another unless specially empowered to do so." O.C.G.A. § 10-6-5 allows a Georgia citizen ("Citizen") to issue a power of attorney that delegates to an agent ("Agent") the power to appear for the Citizen and in that citizen's behalf before any person having authority by the laws of any

14

State or of the United States; to prepare, sign, and file documents with any
governmental body or agency; to enter any personal appearance for the Citizen as a
plaintiff or as a defendant in any legal action, suit, court, or hearing or to accept,
waive or acknowledge any process or service of process from any court, board or
agency whatsoever directed to the Citizen personally; to file motions, responses,
and pleadings of any type; and to compromise, refer to arbitration, or submit to
judgment in any such action or proceeding; to institute, supervise, prosecute,
defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal
from any and all legal, equitable, judicial or administrative hearings, actions, suits,
proceedings, attachments, arrests or distresses, involving the Citizen in any way,
and in the Citizen's behalf speak for the Citizen in open Court, in Judge's chambers, or
Clerk's offices.

    39.    On May 4, 2011, Judge Duffey entered a Show Cause Order with
allegations that seem to be that Windsor committed forgery and has been acting as
an attorney for BGW.  A hearing has been postponed, but Judge Duffey could
schedule a hearing at any time.  In Windsor's opinion, the facts and the law will
not matter to Judge Duffey.  Windsor has never signed anything with his wife's
name, and Windsor is not acting as BGW's attorney, though he believes he has that

legal right under the circumstances described above.  A true and correct copy of the Show Cause Order is Exhibit 10.

## **CLAIM FOR RELIEF**

40.     There is an actual controversy between Plaintiff and Defendants.

41.     Plaintiff is entitled to have this Court declare that O.C.G.A. § 10-6-5 applies to Georgia residents in federal matters as well as state, county, and local matters; that O.C.G.A. § 10-6-5 allows a Georgia citizen ("Citizen") to issue a power of attorney that delegates to an agent ("Agent") the power to appear for the Citizen and in that citizen's behalf before any person having authority by the laws of any State or of the United States; to prepare, sign, and file documents with any governmental body or agency; to enter any personal appearance for the Citizen as a plaintiff or as a defendant in any legal action, suit, court, or hearing or to accept, waive or acknowledge any process or service of process from any court, board or agency whatsoever directed to the Citizen personally; to file motions, responses, and pleadings of any type; and to compromise, refer to arbitration, or submit to judgment in any such action or proceeding; to institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving the Citizen in any way,

and in the Citizen's behalf speak for the Citizen in open Court, in Judge's chambers, or Clerk's offices.

42.    Plaintiff is entitled to have this Court hear and decide his claim on an expedited basis in order to resolve the controversy between Plaintiff and Defendants because this case presents a matter of great public importance and because Defendants otherwise will act to deny Windsor the rights granted by a Georgia power of attorney.

43.    The claims presented in this Complaint involve pure questions of law for the Court to decide.

## TEMPORARY RESTRAINING ORDER

44.    Plaintiff has no adequate remedy at law and will suffer immediate and irreparable harm if interlocutory relief is not granted restraining the Defendants from denying Windsor the ability to act for BGW pursuant to the Power of Attorney. Judge Duffey could schedule a hearing at any time and attempt to find Windsor guilty of forgery and unauthorized practice of law despite affording Windsor no criminal due process rights. This Court's TRO as to the validity of the Power of Attorney would simplify matters and put Judge Duffey on notice. BGW is in no mental or physical condition to participate in a hearing, and this Court's TRO will protect her.

17

45.     Plaintiff prays for the entry of an Order temporarily restraining Defendants from denying Windsor the ability to act for BGW pursuant to the Power of Attorney until a hearing is held regarding whether Plaintiff is entitled to declaratory relief and such other relief as the Court deems just and appropriate.

## CITATION OF AUTHORITY

46.     The legislative intent and purpose of the Declaratory Judgment Act is to settle and relieve against uncertainty and insecurity with respect to rights, status, and other legal relations between the parties. O.C.G.A. § 9-4-1 (CGA § 110-1111).

47.     Pursuant to O.C.G.A. § 9-4-2(b) (GCA § 110-1101) the Superior Courts are charged with the responsibility to "determine and settle by declaration any justiciable controversy of a civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respect to his rights, status, and legal relations."

48.     Relief by Declaratory Judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies. O.C.G.A. § 9-4-2(c) (CGA § 110-1101).

## PRAYER FOR RELIEF

Wherefore Plaintiff prays that this Court:

18

(a)  issue a declaratory judgment declaring that all courts operating in the

state of Georgia must honor a valid Georgia power of attorney and allow a

Georgia resident to represent another in court pursuant to a power of

attorney as required by O.C.G.A. § 10-6-5;

(b) enter a TRO for interlocutory injunctive relief to be issued enjoining

Defendants from denying Windsor the right to act as an agent pursuant to the

Power of Attorney to prevent immediate and irreparable harm, until the

Court has had the opportunity to rule on the merits of Plaintiff's claims;

(c) grant a permanent injunction; and

(e) grant such other and further relief to which the Plaintiff may be entitled.

Submitted this 18th day of May, 2011.


**WILLIAM M. WINDSOR**
**Pro Se**

PO Box 681236
Marietta, GA 30068
Telephone: 770-578-1094
Facsimile: 770-234-4106
Email: williamwindsor@bellsouth.net

## VERIFICATION OF WILLIAM M. WINDSOR

I, William M. Windsor, swear and state that I am authorized to make this verification on behalf of myself and that the facts alleged in the foregoing Verified Complaint are true and correct based upon my personal knowledge, except as to the laws and rules discussed, and that as to those matters I believe them to be true.

This 18th day of May, 2011.

William M. Windsor

20